[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#108)
The plaintiff, Kronholm Keeler, filed a two count complaint against the defendant, Arthur A. Watson Co., Inc., on March 29, 1996. The plaintiff alleges the following facts in the first count. The plaintiff and the defendant were independent insurance agents licensed to do business in Connecticut. For many years, the plaintiff provided an insurance program to Connecticut teachers. The program was originally sponsored by the Connecticut Education Association (CEA) and in more recent years was continued without sponsorship by any particular teachers group. The book of business solicited by the plaintiff included all teachers in Connecticut, including CEA members. Since 1981, the program was underwritten through AIU Insurance Company (AIU) or its affiliates of the American International Group. In April of 1993, the defendant entered into a contract with AIU whereby it maliciously sought to appropriate directly or indirectly that portion of the plaintiff's book of business that included the teachers affiliated with the CEA, and thereby tortiously interfered with the plaintiff's contractual relationship with AIU or its affiliates. The interference was done with the knowledge of the plaintiff's contractual relationship with AIU or its affiliates.
In the second count, the plaintiff incorporates the allegations of the first count and further alleges that the defendant was aware of the nature and extent of the plaintiff's book of business and the amount of time the plaintiff spent developing a relationship with the Connecticut teachers. The plaintiff alleges that the defendant's actions, in appropriating plaintiff's book of business, represented immoral, oppressive, unethical, unscrupulous actions, and caused substantial injury to consumers, competitors and other businessmen, thereby violating the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
On September 3, 1996, the defendant, pursuant to Practice Book § 152, moved to strike counts one and two of the plaintiff's complaint. The defendant moves to strike count one on the ground that it fails to state a legally sufficient claim for tortious interference with a contractual relationship because the plaintiff fails to allege that the defendant engaged in any independently tortious conduct that interfered with the plaintiff's contract. The defendant moves that count two should be stricken on the ground that it fails to set forth a legally sufficient claim for a violation of CUTPA because the plaintiff CT Page 10148 fails to allege any conduct that might reasonably be characterized as an unfair method of competition or otherwise unfair or deceptive.
As required by Practice Book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has filed a timely memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegation of any complaint to state a claim upon which relief can be granted." (Citation omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The motion to strike "admits all facts well pleaded." (Citations omitted.)Mingachos v. C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992).
Count One — Tortious Interference with a Contractual Relationship
In support of its motion to strike count one, the defendant argues that the plaintiff has failed to allege that the defendant, through improper means, interfered with the contractual relationship between the plaintiff and AIU. In response, the plaintiff argues that count one clearly alleges that the defendant acted maliciously when it sought to appropriate the plaintiff's book of business.
"[The Supreme Court] has long recognized a cause of action for tortious interference with contract rights or other business relations." (Citations omitted.) Robert S. Weiss Associates,Inc. v. Wiederlight, 208 Conn. 525, 535, 546 A.2d 216 (1988). "For a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious." (Citation omitted.) Id., 536. "This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." (Citation omitted.) Id. However, not every act that disturbs a contract is actionable. Id., 535-36. "A plaintiff is guilty of tortious interference if he has engaged in improper conduct." (Citations omitted.) Golembeski v. Metichewan GrangeNo. 190, 20 Conn. App. 699, 702, 569 A.2d 1157 (1990). The CT Page 10149 plaintiff is required to plead at least some improper motive or improper means. Robert S. Weiss Associates, Inc. v.Wiederlight, supra, 208 Conn. 536; Blake v. Levy, 191 Conn. 257,261, 464 A.2d 52 (1983). "A claim is made out only when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." (Citations omitted.) Robert S. Weiss Associates, Inc. v. Wiederlight, supra.
The plaintiff has failed to allege sufficient facts to support a claim for tortious interference with contractual relations. Although the plaintiff does allege that the defendant "maliciously sought to appropriate" a portion of the plaintiff's book of business, the plaintiff has failed to allege facts demonstrating that the defendant's conduct was improper or tortious. Because the first count contains insufficient facts to support the plaintiff's conclusory allegation that the defendant tortiously interfered with contractual or business relations, the defendant's motion to strike count one is granted.
Count Two — CUTPA
The defendant argues that in count two the plaintiff has failed to allege any misconduct that would support the conclusion that the defendant engaged in unfair or deceptive trade practices. The plaintiff, however, contends that allegations which support a claim for tortious interference with contractual relations will also support a claim under CUTPA.
"It is well settled that in determining whether a practice violates CUTPA [the Supreme Court] has adopted the criteria set out in the `cigarette rule' by the Federal Trade Commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Citation omitted.) Fink v. Golenbock, 238 Conn. 183,215, ___ A.2d ___ (1996). "[A] violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." (Citations omitted.) Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 726, CT Page 10150652 A.2d 496 (1995).
The plaintiff alleges conclusions of law that are not supported by factual allegations. The plaintiff has failed to allege facts demonstrating that the defendant engaged in any unfair methods of competition or unfair or deceptive practices. Because the second count contains no facts to support the conclusory allegation that the defendant's actions violated CUTPA, the defendant's motion to strike count two of the plaintiff's complaint is granted.
Mary R. Hennessey, J.